HEATHER K. McMILLAN (SBN 188939)
*heather@scmclaw.com*
CHRISTOPHER E. GAVRILIUC (SBN 324599)
*chris@scmclaw.com*
**STEVENS & McMILLAN**
335 Centennial Way
Tustin, California 92780
Telephone:  (714) 730-1000
Facsimile:  (714) 730-1067

Attorneys for Plaintiff,
CLAUDIA GUZMAN LOPEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GUZMAN LOPEZ,<br><br>       Plaintiff,<br><br>    v.<br><br>CJ LOGISTICS AMERICA LLC, and DOES 1 through 50, inclusive,<br><br>       Defendants. | Case No.: 5:22-cv-01738-SSS-KK<br><br>District Judge: Hon. Sunshine Suzanne Sykes<br>Magistrate:    Hon. Kenly Kiya Kato<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE AND REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $2,100.00**<br><br>[Plaintiff's Notice of Motion to Remand Action; Declaration of Christopher E. Gavriliuc; and Proposed Order filed concurrently herewith]<br><br>28 U.S.C.A. §§ 1441, 1447<br><br>Date:         December 2, 2022<br>Time:         2:00 p.m.<br>Courtroom:    2<br><br>Action Filed:  July 13, 2022<br>Removed:       October 4, 2022 |

/ / /

/ / /

/ / /

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND ACTION

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………...ii

MEMORANDUM OF POINTS AND AUTHORITIES……………………….….1

I. INTRODUCTION ……………………………………………….............1

II. RELEVANT PROCEDURAL AND FACTUAL HISTORY……………...2

III. REMOVAL TO FEDERAL COURT MAY BE CHALLENGED BY A MOTION TO REMAND….………………………………………………….4

IV. THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE BECAUSE IT WAS FILED PAST THE 30-DAY DEADLINE……………..4

    A. Plaintiff's Request for Attorney Fees in her Complaint Made Clear The Amount in Controversy Exceeded $75,000.00…………………....5

    B. Plaintiff's Request for Emotional Distress Damages in her Complaint Made Clear the Amount on Controversy Exceeded $75,000.00……….6

    C. All Damages Sought in Complaint Combined Made Clear the Amount in Controversy Exceeded $75,000.00……………………………… 6

    D. Despite the Clear Removability from Plaintiff's Complaint, Defendant Waited Until 78 Days After Being Served With Plaintiff's Complaint to Remove The Action………………………………………..7

V. DEFENDANT'S MOTION PRACTICE IN STATE COURT CONSTITUTES WAIVER………………………………………………..……7

VI. ATTORNEY FEES AND COSTS ARE WARRANTED GIVEN THE DEFENDANT'S IMPROPER REMOVAL…………………..…………….8

VII. PLAINTIFF SATISFIED MEET AND CONFER REQUIREMENT PURSUANT TO LOCAL RULE…………………………………………..9

VIII. CONCLUSION……………………………………………………...10

# TABLE OF AUTHORITIES

**Cases**     **Page(s)**

*Acosta v. Direct Merchants Bank*,
   207 F. Supp. 2d 1129, 1131–32 (S.D. Cal. 2002)……………………………..7

*Aqualon v. MAC Equip., Inc.*,
   149 F.3d 262, 264 (4th Cir.1998)…………………………………………...7

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413, 414–15 (9th Cir. 2018)………………………………………...5

*Fritsch v. Swift Transportation Company of Arizona, LLC,*
   (9th Cir. 2018) 899 F.3d 7……………………………………………………5

*Gibson v. Chrysler Corp.*,
   261 F.3d 927, 945 (9th Cir.2001),……………………………………….……7

*Martin v. Franklin Capital Corp.*,
   (2005) 546 US 132, 136, 126 S.Ct. 704, 708-709……………………….8, 9

*Miller v. Michigan Millers Ins. Co.*,
   1997 WL 136242, *4 (N.D.Cal.1997) (Patel, J., presiding)……………….7

*Moore v. Permanente Med. Grp., Inc.*,
   981 F.2d 443, 448 (9th Cir. 1992)……………………………………………8

*Roth v. CHA Hollywood Medical Center, L.P.,*
   (9th Cir. 2013) 720 F.3d 1121……………………………………………..5

*Simmons v. PCR Tech.*,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002)……………………………….6, 7

**Statutes**

28 U.S.C.A. § 1446(a)………………………………………………………......4

28 U.S.C.A. § 1446(b)………………………………………………………….7

28 U.S.C.A. § 1446 (b)(1)………………………………………………..………5

28 U.S.C.A. § 1446 (b)(3)…………………………………………………….....5

28 U.S.C.A. § 1447(c)…………………………………………………….……4, 8

Cal. *Govt. Code* § 12900, et seq……………………………………………….7

Cal. *Gov't Code* § 12940………………………………………………………7

Cal. *Labor Code* § 230.8……………………………………………………..2, 3

Local Rule 7-3, USDC-Central District of California………………………..9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves a hard-working long-term employee for the Defendant named Claudia Guzman who was wrongfully terminated one business day after using her available sick time to care for her autistic daughter experiencing an emergency.

Accordingly, Ms. Guzman filed a lawsuit against the Defendant for violations of California Labor Code Section 230.8, California Medical Leave law, California Family Sick Leave law, and for Wrongful Termination. Ms. Guzman served the Defendant with her Complaint on July 18, 2022. Plaintiff's Complaint sought damages clearly in excess of $75,000.00, including but not limited to **reinstatement of plaintiff's job**; **general and compensatory damages; special damages; punitive damages; an award for attorney's fees and costs**; and **prejudgment interest, all of which together is clearly an amount in controversy exceeding $75,000.00.**

However, despite the clear removability on the face of Plaintiff's Complaint, and the requirement to remove the case within 30 days of being served with the Plaintiff's Complaint, Defendant waited until 78 days after being served with the Complaint, *after* having already filed a Demurrer in State Court, received Plaintiff's Opposition to the Demurrer, and filed a Reply Brief, to remove this case to Federal Court. For the reasons argued below, removal was improper in this case, and remand is warranted, on the grounds that the Defendant did not timely seek to remove this action and Defendant's motion practice in State Court constitutes waiver of the right for removal.

## II. RELEVANT PROCEDURAL AND FACTUAL HISTORY

On July 13, 2022, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Riverside, entitled *Claudia Guzman Lopez v. CJ Logistics America, et al.*, Case No. CVRI2202900. (Declaration of Christopher E. Gavriliuc, hereinafter "Gavriliuc Decl.", at ¶ 2.) Plaintiff's Complaint alleges the following causes of action against the removing party, the Defendant CJ LOGISTICS

AMERICA, in this case: California *Labor Code* Section 230.8 Violation; California Medical Leave Violation; California Family Sick Leave Violation; and Wrongful Termination. (Gavriliuc Decl. at ¶ 2.) Plaintiff's Complaint sought, *inter alia*, reinstatement of Plaintiff's job; general and compensatory damages; special damages; punitive damages; an award for attorney's fees and costs; and prejudgment interest. (Gavriliuc Decl. at ¶ 2.)

On July 18, 2022, Plaintiff served removing party with the Summons and Complaint. (Gavriliuc Decl. at ¶ 3.)

On August 11, 2022, Defendant served Plaintiff's counsel with a meet and confer letter seeking to discuss a potential demurrer, or alternatively, motion to strike, Plaintiff's Complaint. (Gavriliuc Decl. at ¶ 4.)

On August 17, 2022, the parties agreed to a 15-day extension to continue meet and confer efforts regarding the Defendant's demurrer, or alternatively, motion to strike Plaintiff's Complaint. (Gavriliuc Decl. at ¶ 5.) The parties continued meet and confer efforts that were ultimately unsuccessful. (Gavriliuc Decl. at ¶ 5.)

On September 2, 2022, defendant filed a Demurrer, or alternatively, a Motion to Strike to Plaintiff's Complaint. (Id. at ¶ 6.) Defendant's counsel, Michael Chropowicz, filed a verified application to appear *pro hac vice* in California State Court. (Id. at ¶ 7.)

On September 6, 2022, per the Defendant's request, Plaintiff provided Defendant with a confidential settlement demand. (Id. at ¶ 8.)

On September 21, 2022, Plaintiff filed her Opposition to Defendant's Demurrer, or alternatively, Motion to Strike. (Id. at ¶ 9.)

On September 28, 2022, Defendant filed a Reply Brief to Plaintiff's Opposition to Defendant's Demurrer, or alternatively, Motion to Strike. (Id. at ¶ 10.)

On October 4, 2022, the day before Defendant's Demurrer, or alternatively, Motion to Strike, was set to be heard, Defendant filed a Notice of Removal. (Id. at ¶ 11.) The tentative ruling on Defendant's Demurrer, or alternatively, Motion to Strike

Plaintiff's Complaint, came out later that day overruling and denying Defendant's Demurrer/Motion to Strike. (Id. at ¶ 11.)

On October 5, 2022, the scheduled hearing for Defendant's Demurrer/Motion to Strike, was taken off calendar and vacated by the Court based on Defendant's Notice of Removal. (Id. at ¶ 12.)

On October 7, 2022, Plaintiff sent a meet and confer letter to defense counsel seeking a conference to meet and confer regarding Defendant's improper removal of the action to Federal Court. (Id. at ¶ 13.)

On October 11, 2022, counsel for the parties held a conference to discuss Plaintiff's position that the removal was untimely and that any right to removal was waived by Defendant's motion practice in the State Court proceeding. (Id. at ¶ 14.) Despite Plaintiff's efforts, Defendant refused to stipulate to remand. (Id. at ¶ 14.)

## III.   REMOVAL TO FEDERAL COURT MAY BE CHALLENGED BY A MOTION TO REMAND

28 U.S.C.A. § 1447(c) authorizes motions to remand on the basis of lack of subject matter jurisdiction **or procedural defects**, providing in relevant part as follows: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

For the reasons argued herein, removal was improper in this case, and remand is warranted, because Defendant did not timely seek to remove this action (within 30 days of service of the complaint where removability could clearly be ascertained) and because Defendant's motion practice in state court constitutes waiver since Defendant continued to engage in motion practice even after receiving Plaintiff's demand letter.

## IV.   THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE BECAUSE IT WAS FILED PAST THE 30-DAY DEADLINE

A notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, through service or otherwise, **of a copy of the initial**

**pleading** setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C.A. § 1446 (b)(1); *see also Roth v. CHA Hollywood Medical Center, L.P.* (9th Cir. 2013) 720 F.3d 1121, 1124. **Only if** removability is not ascertainable from the case stated in the initial pleading, may a defendant remove within 30 days from another paper in which removability may first be ascertained. 28 U.S.C.A. § 1446 (b)(3).

The amount in controversy is determined by the complaint operative at the time of removal **and encompasses all relief a court may grant on that complaint if the plaintiff is victorious**. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) The Ninth Circuit has made clear that a defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so. *Roth v. CHA Hollywood Medical Center, L.P.* (9th Cir. 2013) 720 F.3d 1121, 1125.

In this case, Plaintiff served removing party with a summons and complaint on July 18, 2022. It was ascertainable from Plaintiff's Complaint that this case was removable because Plaintiff's Complaint sought, *inter alia*, damages for loss of income, emotional distress damages, punitive damages, the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract, each of which was pled in plaintiff's complaint and would clearly amount to over $75,000.00 in damages. (**Exhibit A** to the Declaration of Christopher E. Gavriliuc.)

### A. Plaintiff's Request for Attorney Fees in her Complaint Made Clear the Amount in Controversy Exceeded $75,000.00

As cited by Defendant's Notice of Removal, the Ninth Circuit has held that when a plaintiff's complaint seeks attorney fees permitted by California law, **the future attorneys' fees are at stake in the litigation and must be included in the amount in controversy**. *Fritsch v. Swift Transportation Company of Arizona, LLC*

(9th Cir. 2018) 899 F.3d 785, 794. Costs of litigating an employment case through trial will typically exceed $75,000.00. (Gavriliuc Decl. at ¶ 15) Thus, the amount in controversy exceeding $75,000.00 was reasonably apparent from the request for attorney fees alone.

### B. Plaintiff's Request for Emotional Distress Damages in her Complaint Made Clear the Amount in Controversy Exceeded $75,000.00

Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002)

Plaintiff's Complaint pled that "as a direct and proximate result of Defendant's unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and emotional distress." (See **Exhibit A** to Gavriliuc Decl. containing Plaintiff's Complaint filed in State Court at ¶ 32.)

Accordingly, Defendant was obligated to remove the case within 30 days because "extreme and severe" emotional distress, including extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness, clearly indicate an amount in controversy over $75,000.00.

### C. All Damages Sought in Complaint Combined Made Clear the Amount in Controversy Exceeded $75,000.00

Other District Courts in California have held that "while attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

Notably, Plaintiff also sought each of those damages, including punitive damages. (See **Exhibit A** to Gavriliuc Decl. containing Plaintiff's Complaint filed in

State Court at Prayer for Relief.) The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242, *4 (N.D.Cal.1997) (Patel, J., presiding).

Here, Plaintiff's causes of action seeking punitive damages are brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal. *Govt. Code* § 12900 et seq. Punitive damages are available under FEHA. Cal. *Gov't Code* § 12940. Accordingly, the court may consider punitive damages when determining the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)

For the foregoing reasons, Defendant could have clearly ascertained the amount in controversy exceeded $75,000.00 from Plaintiff's initial Complaint.

### D. Despite the Clear Removability from Plaintiff's Complaint, Defendant waited until 78 days after being served with Plaintiff's Complaint to Remove the Action

Defendant did not file a notice of removal until October 4, 2022, 78 days after being served with Plaintiff's Complaint. Since the notice of removal was not filed within thirty days after service of the summons and complaint in which it was first ascertainable that the case is one which is removable, it is therefore not timely under 28 U.S.C.A. § 1446(b). Accordingly, the removal was improper, and Plaintiff respectfully requests this Court remand this case back to State Court.

## V. DEFENDANT'S MOTION PRACTICE IN STATE COURT CONSTITUTES WAIVER

It is well established that a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131–32 (S.D. Cal. 2002); *see also Aqualon v. MAC Equip., Inc.*,

149 F.3d 262, 264 (4th Cir.1998) holding that "a defendant may waive the right to remove by taking some substantial defensive action in the state court before petitioning for removal.")

Here, Plaintiff served Defendant with a demand letter on September 6, 2022, which Defendant now uses as the basis for removal (wrongfully claiming it was not ascertainable from Plaintiff's Complaint that the amount in controversy exceeded $75,000.) However, Defendant waited for Plaintiff to file her Opposition to Defendant's Demurrer, or alternatively, Motion to Strike, which was filed 15 days after the demand was served, **and then filed a reply brief 22 days after the demand was served**, only to remove the action one day before Defendant's Demurrer/Motion to Strike was set to be heard. (Gavriliuc Decl. at ¶ 16.)

Clearly, Defendant realized they were going to lose their demurrer and removed the case to federal court in the hopes of getting a second bite of the apple. Otherwise, there would be no reason for Defendant to waste the money to file a reply brief 20 days after being served with the demand (which they claim made them aware the case was removable.) Accordingly, Defendant's delay is demonstrative of their intent to have the matter adjudicated in state court. However, when Defendant realized they would likely lose their motion, they removed to federal court. Ultimately, the state court was not served with notice before issuing a tentative ruling finding in Plaintiff's favor and overruling/denying Defendant's Demurrer/Motion to Strike.

## VI.  ATTORNEY FEES AND COSTS ARE WARRANTED GIVEN THE DEFENDANT'S IMPROPER REMOVAL

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." [28 USC § 1447(c) (emphasis added); *see Martin v. Franklin Capital Corp*. (2005) 546 US 132, 136, 126 S.Ct. 704, 708-709. Bad faith need not be demonstrated for an award of attorney fees and costs pursuant to 28 USC § 1447(c). *Moore v. Permanente Med. Grp., Inc*., 981 F.2d 443, 448 (9th Cir. 1992)

The clear gamesmanship and forum shopping by the defendant, along with knowingly removing a case after the deadline, warrants the court to award costs and attorney fees for the improper removal to the plaintiff. (*See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), holding an award of attorney's fees under § l447(c) may be awarded when the removing party lacked an objectively reasonable basis for seeking removal.") Here, Defendant's counsel clearly knew the amount in controversy in an employment case exceeded $75,000.00 but only sought to remove the action once they realized they would lose their demurrer, or alternatively, motion to strike in State Court. Accordingly, Plaintiff respectfully requests this Court award reasonable attorney fees and costs in an effort to prevent Defendant from engaging further objectively unreasonable behavior, including but not limited to filing a demurrer and reply brief, thereby forcing Plaintiff to prepare and file an opposition, only to remove the action anyway.

Plaintiff's counsel spent at least 4 hours preparing this motion, conducting, research, and engaging in meet and confer efforts. (Gavriliuc Decl. at ¶ 17.) Plaintiff's counsel anticipates he will spend at least another 2 hours preparing the reply brief. (Id. at ¶ 17.) At a conservative associate attorney hourly rate of $350.00 per hour, Plaintiff respectfully requests this Court award Plaintiff $2,100.00 in sanctions against Defendant CJ LOGISTICS AMERICA LLC, and their counsel, Angela Lam. (Id.)

## VII. PLAINTIFF SATISFIED MEET AND CONFER REQUIREMENT PURSUANT TO LOCAL RULE

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 11, 2022. (Gavriliuc Decl. at ¶ 14.)

/ / /

/ / /

/ / /

/ / /

/ / /

## VIII. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court issue an Order remanding this action to the Superior Court of the State of California for the County of Riverside, where the action was originally filed.

DATED: October 27, 2022                    STEVENS & McMILLAN

By:    */s/ Christopher E. Gavriliuc*
       HEATHER McMILLAN
       CHRISTOPHER E. GAVRILIUC
       Attorneys for Plaintiff
       CLAUDIA GUZMAN LOPEZ

# PROOF OF SERVICE
*Claudia Guzman Lopez v. CJ Logistics America LLC, et al.*
USDC Case No.: 5:22-cv-01738-SSS-KK

I am over the age of 18 and not a party to the within action. I am employed in the County of Orange, State of California; my business address is 335 Centennial Way, Tustin, California 92780.

On the date set forth below, I served on all interested parties in this action the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE AND REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $2,100.00**, by the method indicated below:

| | |
|---|---|
| Y. Angela Lam<br>Michael K. Chropowicz<br>**MICHAEL BEST & FRIEDRICH LLP**<br>444 West Lake Street, Suite 3200<br>Chicago, Illinois 60606<br>T: (312) 222-0800<br>F: (312) 222-0818<br>*yalam@michaelbest.com*<br>*mkcbropowicz@michaelbest.com* | Attorneys for Defendant.<br>***CJ LOGISTICS AMERICA LLC*** |
| Zachary Schwartz<br>KOELLER, NEBEKER, CARLSON, & HALUCK LLP<br>3 Park Plaza, Suite 1500<br>Irvine, CA 92614<br>T: (949) 864-3400; F: (949) 864-9000<br>*zachary.schwartz@knchlaw.com* | Attorneys for Defendant,<br>***CJ LOGISTICS AMERICA LLC***<br>(Local Counsel) |

**[X]**   **BY CM/ECF:** With the Clerk of the United States District Court of California using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

**[X]**   I declare that I am employed in the office of a member of the State Bar if this Court at whose direction the service was made.

**[X]**   I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on October 27, 2022, at Tustin, California.

*/s/ Stacey Craun*
Stacey Craun