1

J S - 6

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   CLAUDIA GUZMAN LOPEZ,              Case No. 5:22-cv-01738-SSS-KKx

12                       Plaintiff,     **ORDER GRANTING PLAINTIFF'S**
                                        **MOTION TO REMAND [DKT. 15]**
13

14                   v.

15

16   CJ LOGISTICS AMERICA, LLC, *et*
     *al.*,
17
                         Defendants.
18

19

20

21

22

23

24

25

26

27

28

Before the Court is Plaintiff Claudia Guzman Lopez's Motion to Remand this Case to the Superior Court of the State of California for the County of Riverside (the "Motion").  [Dkt. 15].  In her Motion, Lopez further requests the Court award her attorney fees.  [Dkt. 15-1 at 10–11].  The Motion is fully briefed and ripe for consideration. [Dkts. 15, 16 & 17].   For the following reasons, Lopez's Motion is GRANTED.

## I.  BACKGROUND

On July 13, 2022, Lopez initiated this action in state court.  [Dkt. 1-1]. Lopez's claims against Defendant CJ Logistics, LLC ("CJ Logistics") include (1) a violation of California Labor Code § 230.8; (2) a violation of the California Family Rights Act, Gov. Code § 12945.2; (3) a violation of the California Family Sick Leave Act; and (4) wrongful termination.  [Dkt. 1-1]. Lopez alleges that she had been working at CJ Logistics since 2013 and was fired in 2021 "because she took time off to care for her daughter." [Dkt. 1-1 at 4, ¶¶5–8].  Lopez further alleges that she has suffered "extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness, and emotional distress. [Dkt. 1-1 at 7, ¶32].  Lopez's prayer for relief includes requests for reimbursement for lost wages and work benefits, prejudgment interest on all amounts claimed, general and compensatory damages, special damages, punitive damages, and attorney's fees.  [Dkt. 1-1 at 7–8].

On September 2, 2022, CJ Logistics filed a demurrer or, in the alternative, motion to strike Lopez's Complaint in state court (the "demurrer").  [Dkt. 15-2 at 3, ¶6].  On September 6, 2022, Lopez provided CJ Logistics with a settlement demand for $1,285,064.60.  [Dkt. 16 at 3].  On September 21, 2022, Lopez filed her opposition to CJ Logistics' demurrer.  [Dkt. 15-2 at 3, ¶9].  On September 28, 2022, CJ Logistics filed its reply.  [Dkt. 15-2 at 3, ¶10].  On October 4,

2022, one day before the demurrer was set to be heard, CJ Logistics removed the action to this Court.  [Dkt. 1]; [Dkt. 15-2 at 3, ¶11].

## II.  Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . .to the district court of the United States. . ."  The removal statutes are strictly construed and remand to the state court is to be granted where there are doubts as to the right of removal.  *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015).  District courts must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Under 28 U.S.C. § 1446, defendants have two opportunities to file a notice of removal.  The first opportunity is "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage."  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  The second opportunity is:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Accordingly, where the complaint is indeterminate about removal, defendants may remove the action within 30 days of receiving a document or paper demonstrating the case is removable.  *Prado v. Dart Container Corp. of California*, 373 F. Supp. 3d 1281, 1285–86 (N.D. Cal. 2019).  The Ninth Circuit further recognizes a third opportunity for defendant to

1  file a notice of removal: where, during defendant's own investigation, the
2  defendant uncovers information sufficient to demonstrate removability after the
3  expiration of the two statutory 30-day windows. *Jakuttis v. Allstate Indem. Co.*,
4  No. EDCV 15-0624 JGB (KKx), 2015 WL 3442083, at *2 (C.D. Cal. May 27,
5  2015).

6                                    **III.  Discussion**

7           Lopez argues this action should be remanded to state court because CJ
8  Logistics failed to properly remove this action within the statutory 30-day
9  window.  [Dkt. 15-1 at 6–7].  Further, Lopez argues that CJ Logistics waived its
10 statutory right to removal when it filed its demurrer in the state court
11 proceeding.  [Dkt. 15-1 at 10].  CJ Logistics argues Lopez's Motion should be
12 denied because its removal to this Court was timely and it did not waive its
13 statutory right to removal.  [Dkt. 16 at 4].  The Court addresses these arguments,
14 as well as Lopez's request for attorney fees, below.

15 **A.     Timeliness of Removal**

16         Lopez argues CJ Logistics' removal was untimely because it was filed 78
17 days after it was served Lopez's Complaint and therefore failed to meet the
18 statutory 30-day deadline.  [Dkt. 15-1  at 9].  Specifically, Lopez contends that
19 the face of the Complaint made it clear that the amount in controversy exceeded
20 $75,000.  [Dkt. 15-1 at 7–9].  CJ Logistics argues its removal was timely
21 because the Complaint failed to specify the amount in controversy.  [Dkt. 16 at
22 4–7].  Further, CJ Logistics argues that once it became aware of the amount in
23 controversy, it filed its notice of removal within the required 30 days.  [Dkt. 16
24 at 6–7].  For the following reasons, the Court finds that CJ Logistics' removal
25 was untimely.

26         A defendant has the burden of establishing federal jurisdiction.  *Cal. ex*
27 *rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge*,
28 861 F.2d at 1393).  Where a complaint does not indicate the amount in

controversy, the removing defendant bears the burden of providing by a preponderance of evidence that the amount in controversy exceeds $75,000. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). Moreover, a pleading need not identify a specific amount in controversy to trigger the first 30-day removal period pursuant to 28 U.S.C. § 1446(b)(1). *Kroske*, 432 F.3d at 980. The time for removal commences when a defendant is able to "intelligently ascertain" that a plaintiff's claim exceeds $75,000. *Jellinek v. Advance Prods. & Sys., Inc.*, No. 10cv1226 JM (WMC), 2010 WL 3385998, at *1 (S.D. Cal. Aug. 24, 2010). "Thus, so long as the initial pleading enables the defendant to intelligently ascertain removability, the case is removable, and the thirty-day period begins at the time the defendant receives the complaint." *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014) (citing *Mendoza v. Am. Airlines*, No. CV 10-7617 RSWL (JCx), 2010 WL 5376375, at *2 (C.D. Cal. Dec. 22, 2010).

Here, CJ Logistics' removal was untimely. Lopez's Complaint alleges four causes of action stemming from her alleged wrongful termination from CJ Logistics. [Dkt. 1-1 at 7–8]. Similar to *Mendoza v. American Airlines, Inc.*, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010), Lopez states that she is seeking damages from loss of income, loss of earning capacity, and loss of job opportunity. [Dkt. 1-1 at 6, ¶24]. As in *Mendoza*, here the types of damages sought by Lopez make it "intelligently ascertainable that the amount in controversy exceeds the minimum amount. . ." 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010); *see also Sanchez v. AMCO Insurance Co.*, No. 1:19-cv-01633-NONE-SKO, 2020 WL 5362406, at *5 ("The district courts in these cases have found, for instance, that claims by former employees for backpay and a range of other monetary damages provided sufficient notice of the amount in controversy despite not specifying a dollar amount in the complaint."). For

example, as Lopez's former employer, CJ Logistics would have been aware of, or at least reasonably capable of determining, Lopez's lost wages and lost work benefits. *See, e.g.*, *Sanchez v. AMCO Insurance Company*, No. 1:19-cv-01633-NONE-SKO, 2020 WL 5362406, at *5 (E.D. Cal. Sept. 8, 2020) ("The district court in these cases have found, for instance, that claims by former employees for backpay and a range of other monetary damages provided sufficient notice of the amount in controversy despite not specifying a dollar amount in the complaint."); *see also Rodriguez*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *6 ("A defendant is not required to speculate facts that support removal jurisdiction. However, a defendant is required to apply a reasonable amount of intelligence in ascertaining removability.").

Because the amount in controversy was intelligently ascertainable from the Complaint, CJ Logistics' removal period began to run when it received the Complaint. *Rodriguez*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4. As such, CJ Logistics removal was untimely. Moreover, because the Court finds that the removal was untimely, the Court need not determine whether CJ Logistics waived removal.

**B.    Attorney Fees**

Under 28 U.S.C. § 1447(c), the Court has wide discretion to grant or deny attorney fees when remanding a case. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). Attorney fees should be granted when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

Here, the Court is inclined to grant Lopez's request for attorney fees.  The absence of a specific amount in controversy in the Complaint could create on its face some ambiguity as to whether the amount in controversy exceeds $75,000, however, within the four corners of the Complaint is sufficient information for CJ Logistics to intelligently ascertain the amount in controversy did exceed $75,000.  Further, CJ Logistics, as the former employer with access to employment documents, failed to reasonably engage in any investigation to further assess the amount in controversy based upon the details provided in the Complaint.

Moreover, after receiving information demonstrating that the amount in controversy exceeded $75,000, CJ Logistics waited 28 days to initiate the removal process.  [Dkt. 16-1 at 2, ¶8].  As CJ Logistics fails to provide any facts suggesting that their conduct was objectively reasonable, the Court finds that Lopez is entitled to attorney fees.  The Court grants Lopez attorney fees consistent with the hourly rate provided in the briefing, totaling $2,100.  [Dkt. 15-1 at 11].

## IV.  Conclusion

Accordingly, Lopez's Motion [Dkt. 15] is **GRANTED** and CJ Logistics is **ORDERED** to pay Lopez's attorney fees in the amount of **$2,100**.  Further, the Court **ORDERS** this case remanded to the Superior Court of the State of California in and for the County of Riverside.


**IT IS SO ORDERED.**


Dated: January 17, 2023

SUNSHINE S. SYKES
United States District Judge

-7-